No. 2953.

SPALDING, BIDWELL & McDONOUGH *v.* RHODA ROSEWOOD.

Under section third of act No. 2 of the acts of 1870, creating the Eighth District Court, the injunction granted in this case by the Fourth District Court was very properly dissolved with damages. Besides, that court had no authority to restrain the trial of defendant's suits before a justice of the peace.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Richard Shackleford,* for plaintiffs and appellants. *Rogers & Blanc,* for defendant and appellee.

WYLY, J. The plaintiffs, alleging that they employed the defendant, an actress, to perform at their theatres for a certain period, and that she without cause broke her engagement, sue to recover $1000 damages. They further allege that, notwithstanding her abandonment of said employment, she has instituted nine suits against them before a justice of the peace for $90 each for services pretended to have been rendered under her said contract with them, and they sued out an injunction restraining her from proceeding further in the prosecution of said suits, and also from instituting any more suits of that kind against them.

The defendant moved to dissolve the injunction:

*First*—Because the court was without jurisdiction to issue it, the Eighth District Court having exclusive jurisdiction to issue injunctions in the parish of Orleans.

*Second*—Because the petition discloses no ground for an injunction, the Fourth District Court having no right to restrain the trial of suits

before a justice of the peace, nor to prevent the defendant from prosecuting her claims before any court of competent jurisdiction.

On the trial of this motion the court very properly dissolved the injunction with $100 damages, and the plaintiffs appeal.

Section three of act No. 2 of the acts of 1870, creating the Eighth District Court, provides that that court shall have exclusive jurisdiction in and for the parish of Orleans to issue injunctions, but that this act shall not be construed to prevent any judge from issuing an injunction to stay or regulate the execution of any judgment or order of seizure granted by him. This law was in force at the time the injunction in this case was granted. And as the Fourth District Court was without jurisdiction to issue the writ, that court certainly did not err in dissolving it. Besides, the court had no authority to restrain the trial of defendant's suits before the justice of the peace.

Judgment affirmed.

Rehearing refused.